# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ERNEST RICHARDS, II,
& RICK RICHARDS,

    Plaintiffs,

v.                                                                        Civil Action No. 1:18-cv-00158
                                                                       Consolidated with 1:18-CV-00157

OCTANE ENVIROMENTAL, LLC,
an Ohio limited liability company;
TERENCE SEIKEL;
CRAIG STACY;
JOSEPH SEIKEL;

    Defendants.

### DEFENDANTS' MOTION TO COMPEL NON-PARTY, ENERGY RESOURCES GROUP, LLC, TO PRODUCE DOCUMENTS PURSUANT TO SUBPOENA

**COME NOW** the Defendants, Octane Environmental, LLC, Terence Seikel, Craig Stacy, and Joseph Seikel (collectively, "Defendants"), by counsel, Johnnie E. Brown, Kenneth L. Hopper, and the law firm of Pullin, Fowler, Flanagan, Brown and Poe PLLC, and, pursuant to Rule 45(d)(2) of the Federal Rules of Civil Procedure, file their Motion to Compel Non-Party, Energy Resources Group, LLC, to Produce Documents Pursuant to Subpoena. In support, the Defendants state and aver as follows:

1. On January 14, 2020, the undersigned issued a subpoena (Doc. 181-1) to Energy Resources Group, LLC (hereinafter "ERG"). The subpoena requested ERG to produce the following on or before February 3, 2020:

    1. Employee files for all current and historical employees from Energy Resource Group's inception through 12/31/2019.

2. Total revenues by month by customer from Energy Resource Group's inception through 12/31/2019.

3. All monthly, quarterly, and / or annual financial statements for Energy Resource Group from its inception through 12/31/2019 (including balance sheets, income statements, and cash flow statements).

4. Original articles of incorporation, members agreement, operating agreement, and any other corporate documents or partnership agreements, and all subsequent amendments to the aforementioned documents.

5. Schedule of all loans, structured debt obligations, trade payables, and other payables for Energy Resource Group as of 12/31/2019.

6. All employment contracts, agreements, offer letters, or other employment documents between Rick Richards and Energy Resource Group.

7. Summary of any pending or threatened litigation against Energy Resource Group.

8. Energy Resource Group asset listing as of 12/31/2019.

9. Energy Resource Group inventory listing as of 12/31/2019.

10. Energy Resource Group accounts receivable listing as of 12/31/2019.

*See Subpoena (Doc. 181-1)*, p. 8.

2. On February 3, 2020, ERG filed "Non-Party Energy Resource Group, LLC's Objections to Subpoena." In its Response, ERG objects to producing any items. ERG claims the requests are extraordinarily overbroad, burdensome, and would require ERG to incur great hardship and expense. ERG also contends the subpoena seeks commercially and competitively sensitive information that is not relevant in the present civil action. Finally, ERG claims the subpoena does not provide adequate time to assemble responsive information.

3. Addressing each objection in turn, ERG claims the subpoena is too vague and would impose an undue burden on ERG.[1] In support of this objection, ERG only cites to the request for corporate documents. Contrary to ERG's assertion, the subpoena clearly states which documents are sought. For example, the subpoena seeks employee files, employment documents for Rick Richards, financial statements, and the formation documents for ERG. As for an undue burden, whether it be financial or time related, ERG failed to submit any facts or argument to support this claim. As such, this objection is insufficient pursuant to *VICA Coal Co.* Furthermore, it does not seem as if the requested information would be that difficult to produce. From a categorical standpoint, the subpoena requested employee information, financial data, and corporate documents. These should be documents which are all contained in the same location or same computer program.

4. ERG claims the information sought is sensitive in nature and irrelevant to the present civil action. As the Court is aware, Octane has asserted claims for breach of duty of loyalty, violation of the Computer Fraud and Abuse Act, and civil conspiracy. A large component of this matter relates to Rick Richards and numerous other employees quitting from Octane one day and the very next day going to work for ERG. Further, the present civil action also involves a claim that Rick Richards utilized confidential information from Octane while working for ERG. Due to these claims, it is necessary for Octane to obtain documents related to ERG's formation, its financial status, and ERG's past and current employees. There has also been testimony in this

---

[1] "Generic, non-specific objections will not suffice when posed in response to reasonable Interrogatories. Objections to reasonable Interrogatories must be specific to each Interrogatory and explain or demonstrate precisely why or how the party is entitled to withhold from answering." *VICA Coal Co., Inc. v. Crosby*, 212 F.R.D. 498, 503 (S.D. W.Va. 2003). Although the instant Motion relates to a subpoena and not interrogatories, the case law is clear that non-specific objections are insufficient. ERG's objection falls directly into this category as ERG has done very little to illustrate how the subpoena is vague or burdensome.

3

matter that employees involved in the mass exodus from Octane were not told about ERG's existence until after said employees resigned from Octane. The undersigned believes the sought after employee information will shed some additional light on this testimony. The financial data of ERG is also relevant given Rick Richards' claim that the alleged defamation by Octane has damaged Mr. Richards' business reputation. If this claim is true, the financial data of ERG would reflect the same given Mr. Richards was employed as one of ERG's highest officials. Finally, ERG claims the sought after information should not be produced as Octane is a competitor of ERG. A protective order is already in place which would address ERG's concerns on this topic.

5. ERG's final objection relates to inadequate time to produce the requested information and payment not being provided for ERG's costs. Unless the undersigned is mistaken, Rule 45 does not require a fee unless attendance is required. The undersigned would have no issue with the information being produced electronically so as to reduce copying costs. Further, ERG was provided twenty-one days to respond to the subpoena. On January 31, 2020, an extension of an additional seven days was provided to ERG. To date, a month has now passed since the issuance of the subpoena. As such, ample time has existed for ERG to compile the requested information. However, if additional time is needed, the undersigned would be more than willing to entertain such a request.

**WHEREFORE**, the Defendants respectfully request this Honorable Court grant their Motion to Compel Non-Party, Energy Resources Group, LLC, to Produce Documents Pursuant to Subpoena. Further, the Defendants ask for the Court to order ERG to comply with the January 14, 2020, subpoena which was issued by the undersigned. Finally, the Defendants request any additional relief this Court deems just and appropriate.

Dated this 14th day of February, 2020.

                                      By Counsel,

                                */s/ Kenneth L. Hopper*
                                Johnnie E. Brown, WV State Bar No. 4620
                                Kenneth L. Hopper, WVSB No. 11158

***PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC***
2414 Cranberry Square
Morgantown, WV 26508
Telephone: (304) 225-2200
Facsimile: (304) 225-2214

5

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ERNEST RICHARDS, II,**
**& RICK RICHARDS,**

    **Plaintiffs,**

v.          **Civil Action No. 1:18-cv-00158**
                                                **Consolidated with 1:18-CV-00157**

**OCTANE ENVIROMENTAL, LLC,**
**an Ohio limited liability company;**
**TERENCE SEIKEL;**
**CRAIG STACY;**
**JOSEPH SEIKEL;**

    **Defendants.**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing "**Defendants' Motion To Compel Non-Party, Energy Resources Group, LLC, to Produce Documents Pursuant to Subpoena**" was filed electronically with this Court on this 14th day of February, 2020. Notice of this filing will be sent to the following counsel of record via the Court's electronic filing system and by email to counsel for Energy Resources Group, LLC:

Christopher A. Brumley, Esq.
W. Scott Evans, Esq.
Richard R. Marsh, Esq.
Raymond L. Harrell, Jr., Esq.
Flaherty Sensabaugh Bonasso PLLC
200 Capitol Street
Post Office Box 3843
Charleston, West Virginia 25338-3843
*Counsel for Plaintiff*

6

Sam Madia, Esquire
Shaffer Madia Law, PLLC
343 W. Main St.
Clarksburg, WV 26301
*Counsel for Third-Party Defendants*

Michael Cardi, Esquire
Bowles Rice
125 Granville Sq., Suite 400
Morgantown, WV 26501
mcardi@bowlesrice.com
*Counsel for Energy Resources Group, LLC*

By Counsel,

*/s/ Kenneth L. Hopper*
Johnnie E. Brown, WV State Bar No. 4620
Kenneth L. Hopper, WVSB No. 11158

*PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC*
2414 Cranberry Square
Morgantown, WV 26508
Telephone: (304) 225-2200
Facsimile: (304) 225-2214

7