# EXHIBIT D

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### CLARKSBURG

**ERNEST RICHARDS, II, &**
**RICK RICHARDS,**

    **Plaintiffs,**

v.

                        **Civil Action No. 1:18-cv-00158**
                        **Consolidated with 1:18-CV-00157**
                        **(JUDGE KLEEH)**

**OCTANE ENVIROMENTAL, LLC,**
**an Ohio limited liability company; TERENCE**
**SEIKEL;**
**CRAIG STACY;**
**JOSEPH SEIKEL;**

    **Defendants.**

### ORDER DENYING DEFENDANT'S MOTION TO COMPEL AND GRANTING NON-PARTY ENERGY RESOURCE GROUP, LLC'S MOTION TO QUASH DEFENDANT'S SUBPOENA

    This matter comes before the Court on a "Motion to Compel Non-Party, Energy Resource Group, LLC, to Produce Documents Pursuant to Subpoena" (ECF No. 185), filed on February 14, 2020. Defendants seek to compel non-party Energy Resource Group, LLC ("ERG") to produce various documents pursuant to a subpoena filed in this case, while ERG seeks to quash said subpoena (ECF No. 193 at 9). United States District Judge Thomas S. Kleeh referred the matter to the undersigned by court order (ECF No. 188) entered on February 18, 2020.

### I.    BACKGROUND PROCEDURAL HISTORY

    Defendants served a subpoena (ECF No. 181) upon ERG on January 14, 2020, which commanded ERG to produce the following documents on or before February 3, 2020:

1. Employee files for all current and historical employees from Energy Resource Group's inception through 12/31/2019.

1

2. Total revenues by month by customer from Energy Resource Group's inception through 12/31/2019.

3. All monthly, quarterly, and / or annual financial statements for Energy Resource Group from its inception through 12/31/2019 (including balance sheets, income statements, and cash flow statements).

4. Original articles of incorporation, members agreement, operating agreement, and any other corporate documents or partnership agreements, and all subsequent amendments to the aforementioned documents.

5. Schedule of all loans, structured debt obligations, trade payables, and other payables for Energy Resource Group as of 12/31/2019.

6. All employment contracts, agreements, offer letters, or other employment documents between Rick Richards and Energy Resource Group.

7. Summary of any pending or threatened litigation against Energy Resource Group.

8. Energy Resource Group asset listing as of 12/31/2019.

9. Energy Resource Group inventory listing as of 12/31/2019.

10. Energy Resource Group accounts receivable listing as of 12/31/2019.

(ECF No. 181-1 at 8). In its Response (ECF No. 193) to the Motion to Compel, ERG requested that the Court quash Defendants' subpoena (ECF No. 193 at 9), arguing that the above requests were either overbroad, overly burdensome, the documents were available elsewhere, the documents constituted competitively sensitive information, or some combination of the four.

The underlying case is the result of a dispute between Plaintiffs Rick Richards ("Plaintiff") and Ernest Richards II (collectively, "Plaintiffs") and Defendants Octane, Terence Seikel, Joseph Seikel, and Craig Stacy (collectively, "Defendants"). Plaintiff alleged Breach of Contract, Defamation, Conversion, and Violation of the West Virginia Wage Payment and Collection Act against Defendants in West Virginia Circuit Court (ECF 1-1 at 10-13). The case was then removed to this Court and Defendants filed counterclaims against Plaintiffs, alleging Breach of Duty of Loyalty, Violation of the Computer Fraud and Abuse Act, and Civil Conspiracy (ECF 52 at 15-

2

18). It is from these counterclaims that the subpoena and subsequent Motion to Compel arise. Defendants seek discovery from the non-party ERG, the company for which Plaintiffs were subsequently employed.

## II. ANALYSIS

The Court is not persuaded that Defendants have met their burdens with respect to the ten items requested in the subpoena. Not only must information sought in discovery be "relevant to any party's claim or defense" and "proportional to the needs of the case," *Virginia Department of Corrections v. Jordan*, 921 F.3d 180, 188 (4th Cir. 2019), but in the case of confidential commercial information, movants must also show a "substantial need" for the information that "cannot otherwise be met without undue hardship." Fed. R. Civ. Proc. 45(d)(3)(B)(i), 45(d)(3)(C). Moreover, this standard is even higher for non-parties:

> When discovery is sought from non-parties, however, its scope must be limited even more. Nonparties are "strangers" to the litigation, and since they have "no dog in [the fight]," they have "a different set of expectations" from the parties themselves. Bystanders should not be drawn into the parties' dispute without some good reason, even if they have information that falls within the scope of party discovery.

*Jordan*, 921 F.3d 180 at 189 (citing *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998)). *Jordan* also states that a more demanding variant of the proportionality analysis applies to non-parties. *Id*. "[C]ourts must give the recipient's nonparty status 'special weight,' leading to an even more 'demanding and sensitive' inquiry than one governing discovery generally. *Id*.

Initially, the Court would note that all items listed in the subpoena, except for Item 6, are overbroad. The amount of information sought by Defendants is not tailored to meet the "proportionality" requirements of the applicable discovery rules. Even the language used – "from inception" and the use of the word "all" without limitation – leans toward overbreadth, and,

3

without some showing of necessity, can hardly be justified under the rules governing non-party discovery.

Defendants do not dispute that they are competitors with ERG. Much of the requested information is confidential commercial information. "Confidential commercial information, within the meaning of the Rules, is more than routine business data; instead, it is important proprietary information that provides the business entity with a financial or competitive advantage when it is kept secret, and results in financial or competitive harm when it is when it is released to the public. *In re: C.R. Bard, Inc., Pelvic Repair Systems Product Liability Litigation*, MDL No. 2187, 2014 WL 1660386 (S.D. W. Va. April 22, 2014). Confidential commercial information can include customer list and revenue information, commercial financial information, and pricing and marketing information. *Id*. This Motion to Compel would provide Octane with valuable information on a direct competitor if granted. Items 2, 3, 5, 8, 9, and 10 of the subpoena all contain confidential commercial information. Therefore, the heightened standard articulated above applies. It is the opinion of the Court that Defendants did not meet this standard. Defendants did not demonstrate a "substantial need" for the information requested that "cannot be otherwise met without undue hardship." In fact, much of the information requested from ERG is available from other sources and obtaining the information from these other sources would not require an amount of effort that would rise to the level of "undue hardship."

Items 1 and 4 do not meet the applicable relevancy or proportionality standards for non-party discovery. While "from inception" in the case of ERG only dates back to December 2017, employee files for all current and historical employees of ERG is not tailored narrowly enough to meet the proportionality requirements of the applicable discovery rules. If Defendants are seeking this information to determine anything regarding ERG's efforts to lure Octane's former employees

4

away from them, then Octane should know which employees for which to request employment information. Not only is this item overbroad, but this is not the only source of the requested information. Defendants could simply obtain this information directly from their former employees.

As for Item 4, Defendants have not shown anything but a vague suspicion that the organizational documents requested have any relevance to Defendants' counterclaims against Plaintiffs. This vague suspicion does not establish the level of relevance necessary to compel discovery from a non-party. The last of the items requested, Item 6, has already been provided to Defendants from Plaintiff, so it is not necessary that we compel Plaintiff to come forward with that information at this point.

### III. ORDER

Accordingly, for the reasons stated herein, it is hereby

**ORDERED** that Defendants' Motion to Compel (ECF No. 185) is **DENIED**, and ERG's Motion to Quash Subpoena (ECF No. 193) is **GRANTED**.

The Court directs the Clerk of the Court to provide a copy of this Order to any parties who appear *pro se* and all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Dated: March 12, 2020

_____
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE