# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

RICK RICHARDS and
ERNEST RICHARDS, II,

      Plaintiffs/Counter Defendants,

v.                                    Civil Action No. 1:18-CV-158
                                              c/w 1:18-CV-157
                                                 (Judge Kleeh)

OCTANE ENVIRONMENTAL, LLC, an
Ohio limited liability company,
TERENCE SEIKEL, CRAIG STACY, and
JOSEPH SEIKEL,

      Defendants/Counter Claimants/
      Third-Party Plaintiff/Counter Defendant,

v.

AMANDA HUNT, AARON GILES,
and JACOB RICHARDS,

      Third-Party Defendants/Counter Claimants
      against Octane Environmental, LLC.

**ORDER DENYING MOTION BY NON-PARTY DAVID ALVAREZ TO QUASH SUBPOENA [ECF No. 259]**

On October 20, 2020, the Non-Party Movant, David Alvarez, ("Mr. Alvarez"), by counsel, filed a Motion to Quash Subpoena [ECF. No. 259]. The Court ordered a filing deadline for any response to the pending motion and scheduled a hearing via Zoom video conference on October 23, 2020, to take up the motion [ECF No. 260]. "Defendants' Response to Non-Party Movant, Dave Alvarez's Motion to Quash Subpoena" was filed on October 23, 2020 [ECF No. 261]. For reasons appearing to the Court, the Court continued the

1

hearing to October 26, 2020, at 10:30 a.m. [ECF No. 262]. Upon reviewing the filings in this matter and hearing argument from counsel, the Court **DENIES** Mr. Alvarez's Motion to Quash.

I. **BACKGROUND**

Defendant Octane Environmental, LLC, ("Octane") by counsel, served a subpoena [ECF No. 254] upon non-party Mr. Alvarez on October 9, 2020, which commanded Mr. Alvarez to testify at a deposition scheduled on October 27, 2020, by Zoom videoconference. The underlying case involves a dispute between Plaintiffs Rick Richards ("Plaintiff") and Ernest Richards II (collectively, "Plaintiffs") and Defendants Octane Environmental, LLC, Terence Seikel, Joseph Seikel, and Craig Stacy (collectively, "Defendants"). Plaintiffs alleged Breach of Contract, Defamation, Conversion, and Violation of the West Virginia Wage Payment and Collection Act against Defendants in West Virginia Circuit Court [ECF No. 1-1 at 10-13]. The case was removed to this Court and Defendants filed counterclaims against Plaintiffs, alleging Breach of Duty of Loyalty, Violation of the Computer Fraud and Abuse Act, and Civil Conspiracy [ECF No. 52 at 15-18]. On January 16, 2019, Defendants filed a third-party complaint against employees of Energy Resource Group, LLC, ("ERG") Amanda Hunt, Aaron Giles, Jacob Richards, and Jason Richards, asserting the same causes of action that were pleaded against Plaintiff Rick Richards [ECF No. 39].

It is from these counterclaims that the subpoena and subsequent Motion to Quash arise. Defendants seek to depose the non-party Mr. Alvarez.

## II. FINDINGS

Rule 26 of the Federal Rules of Civil Procedure makes clear that information sought in discovery must be "relevant to any party's claim or defense" and must be "proportional to the needs of the case." Virginia Dep't of Corr. v. Jordan, 921 F.3d 180, 188 (4th Cir. 2019). When discovery is sought for a non-party, a more demanding relevance standard applies. Because "[n]onparties are 'strangers' to the litigation . . . they have a 'different set of expectations' from the parties themselves." Id. at 189.

Rule 45 of the Federal Rules of Civil Procedure provides, in relevant part, that, "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii);(iv). Further, a court may "quash or modify a subpoena if it requires: (i) disclosing a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(d)(3)(B)(i).

Here, Mr. Alvarez, a non-party to this action moves to quash the subpoena served by Defendants, arguing the burden of the

3

subpoena outweighs the benefit and it threatens to reveal sensitive information. While the Court is aware of the heightened burden for non-party discovery, it does not believe a deposition by Zoom videoconference on a date previously agreed to by the parties constitutes an undue burden to Mr. Alvarez. Further, it appears to the Court that the information sought is relevant and the discovery of such information is proportionate to the needs of the case.

Counsel for Octane represented to the Court that it seeks to obtain information regarding Mr. Alvarez's involvement in funding the formation of ERG and information concerning a meeting between Mr. Alvarez and the work force which left Octane in or around May 2018. Because allegations in this case involve tortious interference by Rick Richards regarding Octane's employees, the Court finds the information sought in the subpoena for Mr. Alvarez's testimony relevant and the burden of such discovery is proportionate to the need in this case.

Therefore, the Court **FINDS** that the information sought in Defendants' October 9, 2020, subpoena, specifically Mr. Alvarez's conversations between the parties and employees of Octane, is relevant, and the burden of the discovery is proportionate to the need. The Court also **FINDS** that any information regarding Applied Construction Solutions or Applied Construction Services, a direct competitor of Octane and managed and/or directed by Mr. Alvarez, is irrelevant to this case. The Court further notes that the Order

4

Granting Non-Party Energy Resource Group, LLC's Motion to Quash Defendant's Subpoena remains in effect [ECF No. 200].

For all the reasons stated above, Mr. Alvarez's Motion to Quash Subpoena is **DENIED,** and the discovery sought by the Defendants in the subpoena is limited to the same discussed herein [ECF No. 259].

It is so **ORDERED.**

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record.

DATED: October 27, 2020

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE

5